CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED

OCT 17 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN LAWTON LEDINGHAM,<br><br>*Defendant.* | CIVIL NO. 6:07-CR-00007<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. The case was remanded upon a joint motion of the parties for the limited purposes of clarifying the record, introducing new evidence into the record, and allowing this Court to reconsider its previous ruling on defendant's motion for judgment of acquittal in light of the new evidence. (Docket no. 57, Ex. 1.) This Court held a hearing for these purposes on October 7, 2008.

## I. BACKGROUND

On May 9, 2007, the defendant was found guilty of two counts of possession of a firearm by a prohibited person. *See* 18 U.S.C. § 922(g)(1). The defendant's first motion for acquittal was made in July 2007, almost two months after the conclusion of defendant's trial. (Docket no. 33.) The motion alleged that the government had failed to disclose material exculpatory evidence to the defense, in violation of the defendant's due process rights as set out in *Brady v. Maryland*, 373 U.S. 83 (1963). That evidence consisted of a property claim form filled out and signed by the defendant's wife, and filed with the Bureau of Alcohol, Tobacco and Firearms

("ATF"). In the form, the defendant's wife stated under oath that the firearms at issue in the case were hers. However, at trial, the defendant's wife testified that the same firearms belonged to the defendant. The defendant was not in possession of the form itself at the time it made its motion for acquittal, nor was the prosecutor or the ATF case agent. The Court heard evidence and denied the motion for acquittal at the sentencing hearing held on September 11, 2007.

## II. STANDARD OF REVIEW

In every criminal case the prosecution must disclose to the defendant all "evidence ... material either to guilt or to punishment." *Brady*, 373 U.S. at 87; *United States v. Ellis*, 121 F.3d 908, 914 (4th Cir.1997). The government has a duty to disclose not only evidence that is in the prosecutor's possession, but also material exculpatory evidence that is "known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995). However, there is no "duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue." *Horton v. United States*, 983 F.Supp. 650, 654 (E.D.Va. 1997) (quoting *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir.1996), cert. denied, 519 U.S. 868 (1996)). Further, the prosecution has no duty to disclose evidence to the defendant "when defense counsel could have discovered the evidence through reasonable diligence." *United States v. Kelly*, 35 F.3d 929, 937 (4th Cir.1994).

"Material" evidence means that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (internal quotations omitted). In weighing the materiality of the undisclosed evidence, they key inquiry is whether the evidence is such that it

undermines confidence in the verdict returned by the jury. *See Spicer v. Roxbury Correctional Institute*, 194, F.3d 547, 559 (4th Cir. 1999) ("Rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." (internal quotations omitted)).

## III. DISCUSSION

It is not disputed that the ATF was involved in the investigation and prosecution of the defendant. It is also not disputed that the claim form at issue was in the possession of the ATF. Testimony at the October 7, 2008 hearing established that an ATF claim form is automatically generated in every case in which property is seized. The form is generated by the Seized Property Branch of the ATF, and is triggered by the entry of data by the case agent. The form generally describes the property that was seized and allows the owner to make a claim to the ATF to recover the property. In this case, the defendant received the ATF claim form on April 12, 2006. The defendant's wife made a claim for the firearms and signed the form on May 2, 2006. The form contained a sworn statement by the defendant's wife that the firearms were hers, and provided a description of origin of several of them.[1] The ATF received the completed form on May 8, 2006.

The ATF claim form is exculpatory evidence, because it contains a sworn statement by the defendant's wife that the firearms were hers and not the defendant's. However, no *Brady* violation exists here because in light of the other evidence presented at trial, the ATF form does not constitute material evidence. At trial, Mrs. Ledingham described the statement she made on the ATF form, including the statement that the firearms were heirlooms, and testified that the

---

[1] Specifically, Mrs. Ledingham stated on the form that the firearms "are family property formerly owned by deceased Grandmother Kay Flanik." She then explained that the firearms are antiques and were originally owned by her grandfather and great-grandfather. She further stated that the firearms "are all extremely sentimental and were given to me as heirlooms to keep for the family. The guns were kept under lock and key at my exhusband's [sic] home. He had no access to them, as he has a felony conviction." (Docket no. 61 Ex. 4.)

statement she made on the ATF form was false. Mrs. Ledingham also testified that the defendant coerced her into claiming that the firearms were hers. The defendant disputed that testimony, and testified that while he knew she was filling out the ATF form, he did not know the substance of her statement.

The defendant argues that the specific information about the origin of the firearms included on the ATF form was material evidence, because if the defense had been able to investigate and confirm those statements, it would have discredited Mrs. Ledingham's trial testimony that the guns belonged to the defendant. This argument is not persuasive, because it is abundantly clear from various parts of the trial testimony that the defendant was well aware of the statement of the origin of the firearms prior to the trial. For example, during the cross examination of Agent Kincaid, defense counsel asked "[D]id you have any information that these weapons had come from Ms. Ledingham's grandparents?" (Trial Tr. at 37.) The defendant himself testified that the firearms had come "from my wife's grandmother's house. . . . My wife said she had found some there while going through her belongings after she passed on." (Trial Tr. at 118.) He also testified that a specific shotgun piece had been acquired by Mrs. Ledingham "from her grandmother's littered-up basement." (Trial Tr. at 135). In addition, Mrs. Ledingham testified during trial that on the ATF form, she stated that the firearms were heirlooms. While the defense suggested that the jury would have been more persuaded of the veracity of the form if they had been allowed to see it, there is no reason to think that the physical presence of the form would have swayed the jury to disbelieve Mrs. Ledingham's trial testimony. Moreover, the defendant did not present any evidence to suggest that he would have been able to confirm as true the statement on the ATF form.

The defendant also argues that the form itself is material because it impeaches Mrs.

Ledingham's grand jury testimony. Before the grand jury, Mrs. Ledingham testified that she separated from the defendant in February 2006. However, after the ATF received the claim form in May 2006, it sent a letter with a claim number addressed to Mrs. Ledingham at the defendant's address. The defendant argues that this indicates her testimony to the grand jury about the date she moved out of defendant's residence was false. However, Mrs. Ledingham's grand jury testimony indicates that, while she did leave the residence in February 2006, she moved out slowly, over time. It is not necessarily inconsistent that she would have continued to receive mail at the defendant's residence. Even if the ATF claim form does indicate an inconsistency, it is not likely of such a magnitude that it would cause a jury to dismiss her entire testimony at trial.

## IV. CONCLUSION

In conclusion, the ATF claim form does not constitute material exculpatory evidence. In light of the amount of evidence presented against the defendant at trial, and the fact that the defendant knew the substance of the statement on the ATF claim form prior to trial, there is no indication that, but for the non-disclosure of the claim form, the result at trial would have been any different.

Accordingly, upon reconsideration of defendant's motion for acquittal, and in light of the additional evidence presented, the Court AFFIRMS its earlier ruling denying defendant's motion.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 17th Day of October, 2008

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE