CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

FEB 0 4 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

]IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>JOHN LAWTON LEDINGHAM,<br><br>　　　　　　　　　　*Defendant.* | CIVIL NO. 6:07-CR-00007<br><br><br>OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's motion to Seal all attachments and exhibits from the diary of Rebecca Ledingham [docket no. 82], including Exhibit A to Defendant's Motion for New Trial [docket no. 73], which consists of excerpts from the Ledingham diary, and Exhibit 1 to the government's Brief in Opposition [docket no. 81] which consists of excerpts from the diary. In his motion to seal, Defendant states that the Ledingham diary is "personal in nature and should not be made available to the public."

This Court's Standing Order No. 2005-4 sets out the procedural and substantive requirements for a motion to seal documents filed with the Court. That Order requires such motions to contain, *inter alia*, "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." Further, the Standing Order requires the moving party to file a proposed order containing findings that would justify a decision to grant the motion. Notably, Defendant's motion fails to include reasons why alternatives to sealing exhibits related to the Ledingham diary would be inadequate.

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit noted that a district court "has supervisory power over its own records and may, in its discretion, seal documents if

the public's right of access is outweighed by competing interests." (Internal quotation marks omitted). However, there is a presumption in favor of public access to court records. *Id.* In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Public notice has been satisfied through the docketing of Defendant's motion to seal.

With the aforementioned Standing Order and Fourth Circuit authority as a backdrop, I turn first to Exhibit 1 to the government's Brief in Opposition [docket no. 81], which consists of excerpts from the Ledingham diary. Having reviewed the contents of that exhibit, I find nothing in that document that would justify ordering it to be placed under seal. Indeed, nothing in the exhibit is of a "personal nature" such that the public's right of access would be outweighed by any interest in sealing the document. Accordingly, Defendant's motion to seal Exhibit 1 to the government's Brief in Opposition [docket no. 81] is DENIED.

Turning next to Exhibit A to Defendant's Motion for New Trial [docket no. 73], the Court concludes that certain elements of that exhibit are indeed of a "personal" nature. However, the elements of that exhibit that are of a personal nature are not at all relevant to Defendant's pending motion for a new trial. Under *Ashcraft*, I must "consider less drastic alternatives to sealing" Defendant's exhibit. In my view, Defendant's concern for Rebecca Ledingham's privacy with regard to the exhibit can most appropriately be addressed by resubmitting that exhibit with the irrelevant, "personal" portions of the exhibit redacted. Accordingly, I will GRANT Defendant's motion to Seal Exhibit A to Defendant's Motion for New Trial [docket no. 73] until such time as Defendant resubmits a redacted version of that exhibit, not to exceed five days from the date of this Order. Defendant is hereby ORDERED to resubmit a redacted version of that Exhibit within five days of the date of this Order.

Therefore, for the aforementioned reasons, Defendant's Motion to Seal is DENIED with regard to the government's exhibit, and GRANTED with regard to Defendant's Exhibit A for a period of up to five days from the date of this Order, or until such time as Defendant submits to the Court an updated version of that exhibit with the irrelevant, "personal" portions redacted, whichever is sooner. Defendant is ORDERED to submit a redacted version of the exhibit within 5 days of the date of this Order. The Clerk is hereby ORDERED to SEAL Exhibit A to Defendant's Motion for a New Trial [docket no. 73] for five days from the date of this Order, or until such time as Defendant submits a redacted version of that exhibit, whichever is sooner. Upon receipt of the updated exhibit, the Clerk is ORDERED to return the original Exhibit A to Defendant.

It is so ORDERED.

ENTERED: This 4th day of February, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE